) Craig Cunningham

) Plaintiff, pro se

)

) v.

) CIVIL ACTION NO. 3:15-957

)

) Rapid Capital Finance, LLC, RCF, LLC, RCF II, LLC Craig Hecker, and John/Jane Does 1-5

)

) Defendants.

## Plaintiff's Original Complaint

1. The Plaintiff in this case is Craig Cunningham, a natural person and was resident of Davidson County at all times relevant to the complaint, and currently has a mailing address of 5543 Edmondson Pike, ste 248, Nashville, TN 37211

2. Upon information and belief, Rapid Capital Finance, LLC is a Florida corporation and can be served via registered agent: CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

3. RCF LLC is a Florida Corporation operating from 1900 Biscayne Blvd, Ste 201, Miami, FL 33181 and can be served via registered agent and Manager Craig Hecker at 11900 Biscayne Blvd, ste 201 Miami, FL 33181

4. RCF II LLC is a Florida Corporation operating from 1900 Biscayne Blvd., ste 201, Miami FL 33181 and is managed by Craig Hecker and the registered agent is Craig Hecker 11900 Biscayne Blvd. ste 201 Miami, FL 33181.

5. Craig Hecker is a natural person who can be served at 11900 Biscayne Blvd, ste 201 Miami, FL 33181. Craig Hecker is the manager of RCF LLC and RCF II LLC.

## Jurisdiction

6. Jurisdiction of this court arises as the defendants continuous and systematic contacts within the state of Tennessee in placing numerous phone calls to consumers in the state of Tennessee as part of a robocall marketing campaign in which tens of thousands of phone calls were made to consumers across the country. Subject matter jurisdiction is apparent as the TCPA is a federal question under 28 USC 1331.

7. Venue in this District is proper as the defendants are subject to personal jurisdiction based on the continuous and systematic contacts within the forum state of Tennessee. The telephone calls which led to the violations of alleged here occurred in Tennessee. The Defendants made multiple unsolicited telephone calls to the Plaintiff and other Tennessee residents living in Tennessee.

## FACTUAL ALLEGATIONS

8. In 2015, the Plaintiff received multiple automated phone calls with a pre-recorded message to the Plaintiff's cell phone, which was 615-212-9191 at the time. These calls were clearly automated and made by an automated telephone dialing system as defined by 47 USC 227(a)(1), which can store or produce telephone numbers to be called using a random or sequential number generator.

9. These calls related to small business loans offered by Rapid Capital and contained a pre-recorded message that said *"Hi, this is Ally calling because we noticed that your business qualified for a business loan of up to $250,000 whether you have good or bad credit. This information is free and there is no obligation. If you have been in business for 3 months and can fill out a simple one page application, we'll get you your money in less than 2 days. To learn more, press 1 now."*

10. When the Plaintiff connected to a representative, he asked if the Plaintiff was grossing at least $10,000 monthly and the length of time the Plaintiff has owned the business. This was an intermediary that was placing telemarketing calls on behaf of Rapid Capital. The Plaintiff was then connected to Andrew with Rapid Capital who asked how much the Plaintiff deposited in his checking account and the amount of the Plaintiff's deposits from credit cards and the Plaintiff's plans for increased working capital.

11. The Plaintiff is unsure how the Defendants obtained his cell phone number as he never gave it to them and never gave express or implied consent for the defendants to call his cell phone using an automated telephone dialing system or

with a pre-recorded message. For the calls to be compliant, the Defendants would have had to obtained the Plaintiff's signature clearly authorizing automated/pre-recorded calls to the Plaintiff's cell phone for the calls to be permitted under the law, and the Plaintiff has signed no such document for any of the defendants.

12. Andrew then stated he was calling on behalf of Rapid Capital funding from Miami and was a direct lender and were not a bank. Andrew then emailed over an application to the Plaintiff and confirmed that the name and address of the entity was "Rapid Capital Funding, 11900 Biscayne Blvd # 201 Miami, FL 33181."

13. Defendant Craig Hecker is the managing partner for Rapid Capital and has an active role in personally supervising, ratifying, and authorizing the illegal telemarketing calls to take place on behalf of and for the benefit of himself and the corporations he manages and as such is directly liable for each and every call made by or on behalf of his company. Defendant Hecker personally failed to take reasonable procedure to stay in compliance with the TCPA.

14. The Plaintiff received phone calls on 3/11, 8/7 three times, 8/10, 8/11, 8/12, 8/13, 8/14, and 8/17 twice, at a minimum and the Plaintiff is in the process of researching other calls

15. The calls in question violated 47 USC 227(b) entitling the Plaintiff to a recover of $1500 for making calls using an automated telephone dialing system and containing a pre-recorded message and 47 USC 227(c)(5) as codified by 47 CFR 64.1200 under the FCC's rulemaking authority entitling the Plaintiff to an additional recovery of $1500 for violating 47 CFR 64.1200(b) 47CFR 64.1200(c),

and 47 CFR 64.1200(d) by failing to have a written policy on maintaining a do-not-call list and failure to train personnel on telemarketing.

## CAUSES OF ACTION:

## COUNT I

### Violations of the Telephone Consumer Protection Act (TCPA)

16. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

17. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing calls with pre-recorded/automated messages to the Plaintiff's cell phone that lacked the name or address of the entity placing the phone calls in violation of 47 USC(c)(5) as codified by the FCC's rulemaking under 47 CFR 64.1200(d)(4), 47 CFR 64.1200(b), and 47 CFR 64.1200(c)

## CAUSES OF ACTION:

## COUNT II

### Violations of the Telephone Consumer Protection Act (TCPA)

18. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

19. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing unsolicited and unwelcome telephone calls to the Plaintiff's cell phone. These phone calls also violated the TCPA by having an pre-recorded message in violation of 47 USC 227(b)

## PRAYER FOR DAMAGES AND RELIEFS

A. WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against each and every defendant for the following:

B. Statutory damages of $3000 for each phone call.

C. Pre-judgment interest from the date of the phone calls.

D. Attorney's fees for bringing this action; and

E. Costs of bringing this action; and

F. For such other and further relief as the Court may deem just and proper

I, Craig Cunningham, Affiant, hereby attest to and certify that the facts contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief and that a true and correct copy of the foregoing was sent to the defendants in this case.

Respectfully submitted,

Craig Cunningham, Plaintiff, Pro-se, August 25th 2015
Mailing address:
5543 Edmondson Pike, ste 248 Nashville, TN 37211
Nashville, tn 37211
615-348-1977

5543 Edmondson Pike
Ste 248
Nashville, TN 37211



US District Court
801 Broadway
Nashville, TN 37205

RECEIVED
IN CLERK'S OFFICE
SEP 04 2015
U.S. DISTRICT COURT
MID. DIST. TENN.