FILED
NOV 1 6 2015  DB
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN.

US District Court for the Middle District of TN

) Craig Cunningham

) Plaintiff, pro se

)

) v.

CIVIL ACTION NO. 3:15-cv-00957

)

) Rapid Capital Funding, LLC/RCF, Craig Hecker, GMC, and John/Jane Does 1-5

)

) Defendants

### Plaintiff's Amended Complaint

1. The Plaintiff in this case is Craig Cunningham, a natural person and was resident of Davidson County at all times relevant to the complaint, and currently has a mailing address of 5543 Edmondson Pike, ste 248, Nashville, TN 37211

2. Rapid Capital Funding, LLC/RCF, LLC is a Florida Corporation operating from 1900 Biscayne Blvd, Ste 201, Miami, FL 33181 and can be served via registered agent and Manager Craig Hecker at 11900 Biscayne Blvd, ste 201 Miami, FL 33181

3. Craig Hecker is a natural person who can be served at 11900 Biscayne Blvd, ste 201 Miami, FL 33181. Craig Hecker is the manager of Rapid Capital Funding, LLC/RCF LLC.

4. GMC is upon information and belief, a 3rd party agent of defendant Rapid Capital Funding, LLC/RCF LLC and is placing automated calls with pre-recorded

messages on behalf of Defendant Rapid Capital Funding, LLC. The Plaintiff is in the process of obtaining the address and state of incorporation from the defendants or in discovery.

### Jurisdiction

5. Jurisdiction of this court arises as the defendants continuous and systematic contacts within the state of Tennessee in placing numerous phone calls to consumers in the state of Tennessee as part of a robocall marketing campaign in which tens of thousands of phone calls were made to consumers across the country. Subject matter jurisdiction is apparent as the TCPA is a federal question under 28 USC 1331.

6. Venue in this District is proper as the defendants are subject to personal jurisdiction based on the continuous and systematic contacts within the forum state of Tennessee. The telephone calls which led to the violations of alleged here occurred in Tennessee. The Defendants made multiple unsolicited telephone calls to the Plaintiff and other Tennessee residents living in Tennessee.

### FACTUAL ALLEGATIONS

7. In 2015, the Plaintiff received multiple automated phone calls with a pre-recorded message to the Plaintiff's cell phone, which was 615-212-9191 at the time. These calls were clearly automated and made by an automated telephone dialing system as defined by 47 USC 227(a)(1), which can store or produce telephone numbers to be called using a random or sequential number generator.

8. These calls related to small business loans offered by Rapid Capital and contained a pre-recorded message that said " Hi, this is Ally calling because we noticed that your business qualified for a business loan of up to $250,000 whether you have good or bad credit. This information is free and there is no obligation. If you have been in business for 3 months and can fill out a simple one page application, we'll get you your money in less than 2 days. To learn more, press 1 now."

9. When the Plaintiff connected to a representative, he asked if the Plaintiff was grossing at least $10,000 monthly and the length of time the Plaintiff has owned the business. This was an intermediary that was placing telemarketing calls on behaf of Rapid Capital. The Plaintiff was then connected to Andrew with Rapid Capital who asked how much the Plaintiff deposited in his checking account and the amount of the Plaintiff's deposits from credit cards and the Plaintiff's plans for increased working capital.

10. The Plaintiff is unsure how the Defendants obtained his cell phone number as he never gave it to them and never gave express or implied consent for the defendants to call his cell phone using an automated telephone dialing system or with a pre-recorded message. It seems the defendants are just obtaining numbers from business listing directories such as Yelp and Google and are just placing cold calls to businesses in an effort to generate new prospects.

11. For the calls to be compliant, the Defendants would have had to obtained the Plaintiff's signature clearly and unambiguously authorizing automated/pre-

recorded calls to the Plaintiff's cell phone for the calls to be permitted under the law, and the Plaintiff has signed no such document for any of the defendants.

12. Andrew then stated he was calling on behalf of Rapid Capital funding from Miami and was a direct lender and were not a bank. Andrew then emailed over an application to the Plaintiff and confirmed that the name and address of the entity was "Rapid Capital Funding, 11900 Biscayne Blvd # 201 Miami, FL 33181."

13. Defendant Craig Hecker is the managing partner for Rapid Capital and has an active role in personally supervising, ratifying, and authorizing the illegal telemarketing calls to take place on behalf of and for the benefit of himself and the corporations he manages and as such is directly liable for each and every call made by or on behalf of his company. Defendant Hecker personally failed to take reasonable procedure to stay in compliance with the TCPA.

14. The Plaintiff received the following phone calls, all of which the Plaintiff alleges were placed by an automated telephone dialing system as described by the TCPA, 47 USC 227 :

15. on 3/11, from 305-615-2960 to 615-212-9191

16. on 8/7 three times from 402-385-5404 to 615-212-9191 which contained a pre-recorded message and did not state the name of the entity placing the call and 305-203-5217 twice to 615-212-9191,

17. on 8/10 from 305-203-5217 to 615-212-9191 at 10:57 and 17:19

18. on 8/11 from 973-250-2523 to 615-212-9191 at 10:08, This was a spoofed caller ID

19. on 8/12 from 305-203-5217 to 615-212-9191 twice at 14:12 and 18:01,

20. on 8/13 from 305-203-5217 to 615-212-9191 at 12:00

21. on 8/14 from 786-288-3729 to 615-212-9191 at 11:12 and 305-203-5217 to 615-212-9191 at 12:16, and

22. 8/17 twice, from 786-288-3729 to 615-212-9191 at 10:51 and 14:26

23. at a minimum, these are the calls at issue, and the Plaintiff is alleging a total of 16 non-compliant telephone calls by Rapid Capital. The Plaintiff is in the process of researching other calls

24. Incredibly, even after the filing and service of this lawsuit, Rapid Capital called the Plaintiff twice more on 9/15/2015 from 754-209-0194 to 615-212-9191 in which the plaintiff told the agent Matthew that the calls the defendants were making violated the TCPA and he had sued them.

25. . Even more spectacularly unbelievable, the Plaintiff was called again after the Plaintiff served the defendants with a lawsuit, told them verbally on an illegal telemarketing call that he was suing them for illegal telemarketing and they still called once more on 11/6/2015 in yet another illegal telemarketing call from a spoofed number 469-319-1104 to 615-212-9191 at 9:08.

26. Additionally, on a call on 9/15/2015 with Lou at Rapid Capital Funding, the Plaintiff requested a copy of Rapid Capital's "do not call" policy, to which Lou

responded "I don't know about that…I don't even know how that works.." and added when asked if they had a written do-not-call policy "Yeah, but a policy? Nobody writes it down"

27. On the 11/6/2015 call, the Plaintiff spoke with Miguel that worked for a currently unidentified entity described as GMC by Andrew with Rapid capital, Miguel then did a live transfer to Andrew with Rapid Capital after asking some basic qualifying questions.

28. Andrew confirmed that he worked for Craig Hecker's company, Rapid Capital. When asked why the Plaintiff was suing them, the Plaintiff stated that it was illegal to place automated telephone calls to a cell phone, Andrew stated "Not that I know of" and then claimed that Rapid capital didn't place the call, some entity named GMC placed the call on behalf of Rapid Capital and then transferred the call to Rapid Capital.

### Vicarious Liability for 3rd party Calls

29. Courts have addressed the practice of using 3rd parties to violate the law on an entities behalf and concluded under the TCPA that liability attaches to the party who benefits from the calls or on whose behalf the calls are being placed. To rule otherwise would be cause the TCPA to lose its deterrent effect "If a company were to be allowed to avoid TCPA liability by merely hiring a different company to make its unlawful calls, the statute would lose its deterrent effect. Vicarious liability prevents this liability maneuvering."1

---

30. Indeed, courts have concluded that it would be absurd for a party to avoid liability by hiring someone to break the law on their behalf. " To offer an example, suppose that A, a well heeled entity that wants to sell a product or service, stands next to B, an impecunious defendant, and directs B to place unsolicited, prerecorded calls to consumers on their cell phones. Defendants' position, it appears, is that only B, the impecunious dialer, would be liable and that A would get off scot free. A Congressional enactment that permitted this would be absurd indeed. Fortunately that is not the law under the TCPA."

### Defendant RCF is liable for any 3rd party calls under the doctrine of actual authority.

31. In this case, Defendant RCF entered into a contractual arrangement with at least one entity, GMC to place telemarketing calls on behalf and for the benefit of Defendant RCF.

32. An agent acts with actual authority when, at the time of taking action that has legal consequences for the principal, the agent reasonably believes, in accordance with the principal's manifestations to the agent, that the principal wishes the agent to so act.

33. In this case, GMC was acting on behalf of RCF, as they reasonably would have done by placing telephone calls on behalf of RCF, which both parties agreed that Defendant GMC would do.

---

1see Bank v. Caribbean Cruise Line, Inc., No. 12–CV–584 (JG)(VS), at 22–23, ECF No. 49

34. A finding of actual authority requires a manifestation by the principal that the agent shall act for them.

35. In this case, that manifestation is found in the contract for telemarketing between Defendant RCF and GMC.

36. Lastly, there is an understanding that the principal is in control of the undertaking, which is agreed upon in the contract for services between Defendant GMC and RCF for telemarketing services. Defendant RCF could certainly stop or control the telemarketing efforts being done on their behalf if they chose to do so.

**Defendant RCF is liable for the 3rd party calls placed on their behalf under the doctrine of Apparent Authority.**

37. According to the FCC, there are several examples of evidence that might be relevant in a finding of apparent authority: 1. Access to detailed information regarding the nature and pricing of the seller's products and services 2. the ability by the outside sales entity to enter consumer information into the seller's sales or customer systems 3. the authority to use the seller's trade name, trademark, and service mark, and 4. that the seller approved, wrote or reviewed the outside sales entity's telemarketing scripts and 5. if the seller knew or should have known that the telemarketer was violating the TCPA on the seller's behalf and the seller failed to take effective steps within its power to force the telemarketer to stop. [2]

38. In this case, a finding of Apparent authority is easy to determine as the outside sales entity had the ability to directly enter consumer information into the seller's

---

[2] see Makaron v GE Sec. Mfg. Inc., not reported in F. Supp. 3d (2015) citing Dish 2 FCC Rcd at 6592.

(RCF) systems by transferring live telephone calls from Defendant GMC directly to Defendant RCF.

39. Furthermore, in the calls, the agents had detailed information about the pricing an nature of the loan products offered by Defendant RCF.

40. Defendant RCF knew of, wrote, and approved of the pre-recorded messages and telemarketing scripts used on their behalf by Defendant GMC and possibly other 3rd party entities placing telemarketing calls on behalf of Defendant RCF.

41. Additionally, Defendant RCF knew or should have know that the telemarketers were violating the law and failed to take steps to force them to stop. Defendant RCF recieved multiple complaints from consumers about the annoying and harassing telephone calls, some of which are documented by the BBB and Defendant RCF's responses to the BBB complaints. In one of the complaints, Defendant RCF claimed that the laws regarding telemarketing didn't apply to them as they were making business to business calls.

**Defendant RCF is liable for calls placed by 3rd parties on their behalf under the concept of Ratification.**

42. Defendant RCF celebrated the conduct and ratified the conduct of the 3rd party telemarketers by celebrating the calls and rewarding them for generating leads and business with tens of thousands of dollars in payments.

43. The calls by and on behalf of Defendant RCF violated 47 USC 227(b) entitling the Plaintiff to a recover of $1500 for making calls using an automated telephone dialing system and containing a pre-recorded message and 47 USC 227(c)(5) as codified by 47 CFR 64.1200 under the FCC's rulemaking authority entitling the

Plaintiff to an additional recovery of $1500 for violating 47 CFR 64.1200(b) 47CFR 64.1200(c), and 47 CFR 64.1200(d) by failing to have a written policy on maintaining a do-not-call list and failure to train personnel on telemarketing.

**Defendant RCF is directly liable for any and all calls placed to the Plaintiff by their employees.**

44. Defendant RCF placed multiple calls for the Plaintiff from the entity directly and Defendant RCF is directly liable for these calls. The officers of the corporation also are liable for the actions of the corporation directly. There is no shield of liability as Craig Hecker personally authorized the illegal calls and failed to take any reasonable steps to discipline or stop the illegal telemarketing calls despite multiple complaints from consumers. Even after the Plaintiff's lawsuit, calls continued to come in to the Plaintiff with the full knowledge and blessing of Craig Hecker.

**Actual Damages**

45. The Plaintiff alleges actual damages have been incurred in this case. The repeated and unwelcome phone calls constitue a common law invasion of privacy claim against the defendants as the Plaintiff has a right to be left alone and by making repeated unsolicited calls to the Plaintiff, particularly after being sued, infringes on that right to be left alone.

46. The conduct of the defendants has resulted in the intentional infliction of emotional distress to include, trouble concentrating, frustruation, inconvenience, stress, and annoyance.

47. The Plaintiff also alleges that the fact that he must sue and engage in these legal proceedings to recover damages for the previous phone calls to constitute additional damages to include frustruation, inconvenience, stress, and annoyance.

## CAUSES OF ACTION:

## COUNT I

### Violations of the Telephone Consumer Protection Act (TCPA)

48. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

49. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing calls with pre-recorded/automated messages to the Plaintiff's cell phone that lacked the name or address of the entity placing the phone calls in violation of 47 USC(c)(5) as codified by the FCC's rulemaking under 47 CFR 64.1200(d)(4), 47 CFR 64.1200(b), and 47 CFR 64.1200(c)

## CAUSES OF ACTION:

## COUNT II

### Violations of the Telephone Consumer Protection Act (TCPA)

50. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

51. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing unsolicited and unwelcome telephone calls to the Plaintiff's cell phone. These phone calls also violated the TCPA by having an pre-recorded message in violation of 47 USC 227(b)

## PRAYER FOR DAMAGES AND RELIEFS

A. WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against each and every defendant for the following:

B. Statutory damages of $3000 for each phone call.

C. Pre-judgment interest from the date of the phone calls.

D. Attorney's fees for bringing this action; and

E. Costs of bringing this action; and

F. For such other and further relief as the Court may deem just and proper

I, Craig Cunningham, Affiant, hereby attest to and certify that the facts contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief and that a true and correct copy of the foregoing was sent to the defendants in this case.

Respectfully submitted,

Craig Cunningham, Plaintiff, Pro-se, November 16, 2015
**Mailing address:**
5543 Edmondson Pike, ste 248 Nashville, TN 37211 **Ph:** 615-348-1977

US District Court for the Middle District of TN

) Craig Cunningham

50. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

51. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing unsolicited and unwelcome telephone calls to the Plaintiff's cel phone. These phone calls also violated the TCPA by having an pre-recorded message in violation of 47 USC 227(b)

### PRAYER FOR DAMAGES AND RELIEFS

A. WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against each and every defendant for the following:

B. Statutory damages of $3000 for each phone call.

C. Pre-judgment interest from the date of the phone calls.

D. Attorney's fees for bringing this action; and

E. Costs of bringing this action; and

F. For such other and further relief as the Court may deem just and proper

I, Craig Cunningham, Affiant, hereby attest to and certify that the facts contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief and that a true and correct copy of the foregoing was sent to the defendants in this case.

Respectfully submitted,

Craig Cunningham, Plaintiff, Pro-se, November 16, 2015

**Mailing address:**

5543 Edmondson Pike, ste 248 Nashville, TN 37211 **Ph:** 615-348-1977

US District Court for the Middle District of TN

)　Craig Cunningham

)　Plaintiff, pro se

)

)　　　v.

CIVIL ACTION NO.

)

)　Rapid Capital Funding, LLC/RCF, Craig Hecker, GMC, and John/Jane Does 1-5

**Certificate of Service**

I hereby certify that a true copy of the foregoing was sent via email on 11/16/2015 to the attorney of record in this case, Lawren Zann at lawren.zann@gmlaw.com

Respectfully submitted

Craig Cunningham, Plaintiff, Pro-se, November 16, 2015
**Mailing address:**
5543 Edmondson Pike, ste 248 Nashville, TN 37211 **Ph:** 615-348-1977

)     Plaintiff, pro se

)

)         v.

CIVIL ACTION NO. 3:15-cv-00957

)

)     Rapid Capital Funding, LLC/RCF, Craig Hecker, GMC, and John/Jane Does 1-5

**Certificate of Service**

I hereby certify that a true copy of the foregoing was sent via email on 11/16/2015 to the attorney of record in this case, Lawren Zann at lawren.zann@gmlaw.com

Respectfully submitted,

Craig Cunningham, Plaintiff, Pro-se, November 16, 2015

**Mailing address:**

5543 Edmondson Pike, ste 248 Nashville, TN 37211 **Ph:** 615-348-1977