UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| CRAIG CUNNINGHAM, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:15-cv-00957 |
| | ) | Judge Trauger/Brown |
| RAPID CAPITAL FINANCE, *et al.*, | ) | |
| Defendants. | ) | |

To: The Honorable Aleta A. Trauger, United States District Judge

### REPORT AND RECOMMENDATION

On March 3, 2017, Plaintiff was ordered to show cause why his claims against Defendants GMC and John/Jane Does 1-5 should not be dismissed. (Doc. 63). Plaintiff has not filed a timely response or sought to extend the filing deadline. For the reasons that follow, the undersigned **RECOMMENDS** that Plaintiff's claims against Defendants GMC and John/Jane Does 1-5 be **DIMSISSED WITHOUT PREJUDICE** for failure to timely add new parties and failure to effect timely service of process. As these are the only remaining Defendants in this action and the time to amend the pleadings has long since passed, the undersigned consequently **RECOMMENDS** this case be **DISMISSED**.

### I. BACKGROUND

This suit is premised on alleged violations of the Telephone Consumer Protection Act. (Doc. 27). Plaintiff's Amended Complaint names the following Defendants: Rapid Capital Funding, LLC/RCF; Craig Hecker; GMC; and John/Jane Does 1-5. (Doc. 27). Through a Stipulation of Dismissal, Plaintiff's claims against Rapid Capital Funding, LLC/RCF and Craig Hecker were dismissed. (Doc. 48). Plaintiff's subsequent Motion for Leave to Amend His

Complaint was denied. (Doc. 52). The only Defendants remaining in this suit are GMC and John/Jane Does 1-5. On March 3, 2017, undersigned ordered Plaintiff to show cause by April 3, 2017 why Plaintiff's claims against these Defendants should not be dismissed for failure to timely add new parties and failure to effect timely service of process. (Doc. 63). Plaintiff did not respond within the time provided.

## II.  GMC

Plaintiff's claims against GMC should be dismissed for failure to effect timely service of process. GMC was first named a Defendant in this matter on November 16, 2015, when Plaintiff filed Plaintiff's Amended Complaint. (Doc. 27). At that time, Rule 4(m) of the Federal Rules of Civil Procedure imposed a 120-day deadline for service of process. Fed. R. Civ. P. 4(m) (2007) (effective until Dec. 1 2015).[1] From the record, it does not appear that summons was issued to GMC, let alone served on GMC, within 120 days of November 16, 2015. Plaintiff's claims against GMC should therefore be **DISMISSED WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 4(m).

## III.  JOHN/JANE DOES 1-5

Plaintiff's claims against John/Jane Does 1-5 should be dismissed. The deadline for amending pleadings in this case was May 27, 2016. (Doc. 44). Plaintiff has not demonstrated good cause to modify these deadlines. *See* Fed. R. Civ. P. 16(b)(4). As Plaintiff's Amended Complaint has not been amended to name these John/Jane Does 1-5 within the time limits set, and as Plaintiff has not effected timely service of process on these unnamed Defendants, his claims against them should be **DISMISSED WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 4(m); *Thomas v. Bivens*, No. 3:09-CV-62, 2011 WL 32207, at *8 (E.D. Tenn. Jan. 5, 2011) ("A

---

[1] Beginning December 1, 2015, this deadline was shortened from 120 days to 90 days. Even applying the 120-day version of the rule, dismissal is nonetheless proper.

civil action is commenced against a John Doe defendant when the complaint is amended under Rule 15 to specifically name and identify that defendant by his true name and the plaintiff effects service of process upon that named defendant in compliance with Rule 4.").

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's claims against Defendants GMC and John/Jane Does 1-5 be **DIMSISSED WITHOUT PREJUDICE**. As these are the only remaining Defendants in this suit and the time to amend the pleadings has long since passed, the undersigned likewise **RECOMMENDS** this case be **DISMISSED**.

The parties have fourteen (14) days after being served with a copy of this Report and Recommendation ("R&R") to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985).

Entered this 10th day of April, 2017.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge